## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ALEX RONALDO VILLEDA AGUSTIN       \*
4046 Warner Avenue, Apt B2       \*
Hyattsville, MD 20784       \*
      \*
     PLAINTIFF,       \*
      \*
     v.       \*       Case No.: 19 – 2126
      \*
SHAY CONSTRUCTION       \*
18926 Premiere Court       \*
Gaithersburg, MD 20879       \*
      \*
     Serve: Gary James Shay       \*
     18926 Premiere Court       \*
     Gaithersburg, MD 20879       \*
      \*
And       \*
      \*
Gary James Shay       \*
19230 Autumn Maple Lane       \*
Gaithersburg, MD 20879       \*
      \*
     DEFENDANTS.       \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff Alex Ronaldo Villeda Agustin ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Defendants Shay Construction and Gary James Shay (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Wage Payment and Collection Law D.C. Code §§ 32-1301 *et seq.* ("DCWPCL"), and the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 *et seq.* as set forth below.

## JURISDICTION

1.       This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29

U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

2.      On information and belief, at all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

3.      At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled or otherwise worked on goods and materials (namely painting supplies and building materials) that were moved in or produced for commerce. Thus, Plaintiff was an individual employee who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

## FACTS OF CASE

4.      Plaintiff is an adult resident of the State of Maryland. By participating as the named Plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA.

5.      Plaintiff was employed by Defendants to work as a laborer.

6.      Plaintiff regularly worked in the District of Columbia and in Maryland performing painting and handyman work. Defendants employ individuals "in the District of Columbia" for the purpose of the DCMWA. Defendants are "employers" for the purpose of the MWPCL.

7.      At all times pertinent to the allegations herein, Defendants were Plaintiff's "employers" for purposes of the FLSA, the DCWPCL, and the MWPCL.

8.      Plaintiff worked for Defendants from roughly November 1999 to June 20, 2019.

9.      During his employment, Plaintiff worked, on average, approximately 55 hours per week.

10.     Defendants paid Plaintiff on an hourly basis.   During the relevant period, Defendants paid Plaintiff between $20.00 and $25.00 per hour, even for the hours Plaintiff worked over forty.

11.     Throughout Plaintiff's employment, Defendants did not pay Plaintiff one-and-one-half times (1.5x) his hourly rate for hours worked in excess of 40 during a single workweek.

12.     Gary James Shay is an adult resident of Maryland.

13.     Defendant Gary James Shay owned and operated Shay Construction throughout Plaintiff's employment. Throughout Plaintiff's employment, Gary James Shay:

  a.   Had the power to hire, fire, suspend, and otherwise discipline Plaintiff;

  b.   Had the power to supervise Plaintiff's work duties to ensure his work was of sufficient quality;

  c.   Set and controlled Plaintiff's work schedules or had the power to set and control Plaintiff's work schedules;

  d.   Set and determined or had the power to set and determine Plaintiff's rate and method of pay; and

  e.   Controlled and was in charge of the day-to-day operations of Shay Construction.

14.     Plaintiff's primary work duties did not qualify for any exemption under the FLSA, the DCWPCL, or the MWHL.

15.     Defendants' failure and refusal to pay Plaintiff overtime pay, as required by the FLSA, was willful and intentional, and was not in good faith. Defendants' failed to timely pay Plaintiff the unpaid overtime owed, as required under the DCWPCL. No *bona fide* disputes existed

3

as to whether Defendants owed Plaintiff the unpaid overtime.

## CAUSES OF ACTION
### COUNT I
### Violation of the Fair Labor Standards Act
### (Overtime)

16.     Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

17.     The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

18.     At all times pertinent to the allegations herein, Plaintiff was an "employee" covered by § 207(a)(1) of the FLSA, and Defendants were his "employers" under § 207(a)(2) of the FLSA.

19.     Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) his regular rate for all overtime hours worked.

20.     As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours during his employment.

21.     As set forth above, Defendants failed and refused to pay Plaintiff one-and-one-half (1.5x) his regular rate for all overtime hours worked.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of the D.C. Wage Payment and Wage Collection Law
### (Unpaid Wages)

22.     Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

23. Plaintiff was an "employee" and Defendants were Plaintiff's "employers" within the meaning of the DCWPCL.

24. Under the DCWPCL, Defendants were obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

25. "Wages" pursuant to DCWPCL (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

26. Plaintiff performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiff all wages earned and required by Federal and District of Columbia law.

27. Defendants owe Plaintiff wages for work duties performed as set forth above.

28. Defendants' failure to pay Plaintiff wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPCL.

29. Defendants' failure to pay Plaintiff all wages earned, owed, and required by the DCWPCL was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of Maryland Wage Payment and Collection Law
#### (Overtime)

30.     Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

31.     Plaintiff was Defendants' "employee" pursuant to § 3-501 and § 3-502 of the MWPCL.

32.     Defendants were Plaintiff's "employers" pursuant to § 3-501 and § 3-502 of the MWPCL.

33.     As Plaintiff's "employers," Defendants were obligated to pay Plaintiff all wages due for the work he performed, including overtime wages.

34.     As detailed above, Defendants failed to compensate Plaintiff for overtime wages owed.

35.     Defendants' failure and refusal to pay overtime wages due to Plaintiff was not the result of any bona fide dispute.

WHEREFORE, Defendants are liable to Plaintiff under Count III for three times (3x) the amount of all unpaid wages that Defendants failed to pay Plaintiff, for attorney's fees, costs, and expenses of this action incurred as a result of Defendants' failure to pay Plaintiff what was legally owed to him, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems proper.

Respectfully submitted,

Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com

*Counsel for Plaintiff*